UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW D. CLARK, ET AL.,

    Plaintiffs,

v.

FIFTH THIRD MORTGAGE, ET AL.,

    Defendants.

_____/

Case No. 15-11169

Paul D. Borman
United States District Court

## OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 16) AND DENYING DEFENDANTS' REQUEST FOR SANCTIONS

The present action springs from Plaintiffs Matthew D. Clark and Rebecca R. Clark's allegations regarding Defendants' failure to properly evaluate them for a loan modification which resulted in the eventual foreclosure and Sheriff's sale of their home in Pleasant Lake, Michigan.

Plaintiffs filed this action in Jackson County Circuit Court on February 25, 2015 and Defendants then removed the action to this Court on March 27, 2015. (ECF No. 1.) This Court has original jurisdiction over the action based upon Plaintiffs' allegation that Defendants violated a federal statute, Real Estate Settlement Procedures Act ("RESPA"), 26 U.S.C. § 2601, *et seq.*, and supplemental jurisdiction over the remainder of Plaintiffs' claims. Defendants filed an Answer on April 1, 2015. (ECF No. 3.)

Previously, on July 31, 2015, this Court allowed Plaintiffs' original attorney, Steven Ruza, to withdraw from this action after a state court barred him from participating in foreclosure litigation. (ECF No. 13.) On July 29, 2015, Plaintiffs' current attorney, Blake Lipman, filed his notice of substitution. (ECF No. 12.)

Now before the Court is Defendants' Motion for Summary Judgment filed on October 29, 2015. (ECF No. 16.) Plaintiffs filed their response on November 3, 2015, and Defendants thereafter filed their reply. (ECF Nos. 17 & 19.) A hearing on this matter was held on January 14, 2016, and for the reasons set forth below, the Court will GRANT Defendants' motion for summary judgment.

## I. BACKGROUND

### A. The Mortgage

On November 1, 2004, Plaintiffs granted a mortgage to non-party Fifth Third Mortgage - MI, LLC. (Defs.' Ex. B, Mortgage and Note.)[1] As explained in the mortgage documents, the mortgage secured repayment of a $97,850.00 loan that Plaintiff used to purchase property located at 4822 Territorial Road, Pleasant Lake, Michigan 49272 (the "Property"). This Mortgage was recorded on September 8, 2004 in Liber 1796, Page 540 in the County of Jackson, Michigan. (Ex. A, at 1.) On September 5, 2013, the Mortgage was assigned to Defendant Fifth Third Mortgage Company.[2] (Ex. A, Assignment.)

The Mortgage is owned by Defendants and not owned or insured by any government sponsored enterprise, including (but not limited to) Federal National Mortgage Association ("Fannie Mae"), the Federal Home Loan Mortgage Corporation ("Freddie Mac"), or the Federal Housing Administration ("FHA"). (Ex. C, Katherine Ison Aff., at ¶ 5.)

---

[1] All exhibits, unless otherwise noted, are attached to Defendants' Motion for Summary Judgment.

[2] Defendants Fifth Third Mortgage and Fifth Third Bank refer to themselves collectively throughout their briefing and Plaintiffs did not differentiate between the Defendants in their Complaint. Accordingly, the Court will also refer to both Defendants collectively as "Defendants."

2

B.  Default and Loan Modifications

Plaintiffs first defaulted on the Mortgage in 2008. (Ison Aff. ¶ 7.) On September 9, 2009, Defendants and Plaintiffs entered into a loan modification. (Ex. D, 9/9/2009 Letter and Loan Modification.) Despite the modification, Plaintiffs repeatedly defaulted on their mortgage payments during 2010, 2011, 2012 and 2013. (Compl. ¶ 8, alleging Plaintiffs "fell behind" "throughout the entire year of 2013"; Ex. E, Eight Default Notices dated 2010 through 2012.)

Plaintiffs requested mortgage assistance from Defendants in 2013. (Compl. ¶ 9.) In December 2013, Plaintiffs submitted an incomplete loss mitigation application to Defendants. (Ex. F, 12/3/2013 Letter.) Plaintiffs subsequently supplemented this application, and Defendants received the complete application on December 31, 2013. (Compl. ¶ 37; Ison Aff. at ¶ 8.) Thereafter, Defendants "analyzed the application for applicable mortgage payment assistance" but found that Plaintiffs were "not eligible for loss mitigation assistance because of insufficient income." (Ison Aff. ¶ 10.) On January 30, 2014, Defendants notified Plaintiffs via letter that their loss mitigation application had been denied for this reason. (*Id.* at ¶ 11; Ex. G, 1/30/14 Letter.)

Then, on February 25, 2014, Plaintiffs and Defendants agreed to a repayment plan. (Ison Aff. ¶ 12; Ex. H, 2/25/14 Letter.) Pursuant to the repayment plan, Plaintiffs would repay the past due amount of the Mortgage in an "initial lump sum payment and supplement their mortgage payment with additional monies to be applied to the past due balance." (Ison Aff. at ¶ 12). Under the repayment plan, any default by Plaintiffs could result in an immediate cancellation and Defendants would be allowed to proceed with a foreclosure as provided in the Mortgage. (Ex. H, 2/25/14 Letter.)

3

Plaintiffs made the initial lump sum payment due under the repayment plan. (Ison Aff. at ¶ 14; Compl. ¶¶ 10, 12.) Upon receipt of that payment, Defendants ceased all foreclosure activity. (Ison Aff. at ¶14.) Plaintiffs, however, failed to make the first monthly payment due under the repayment plan on April 2, 2014 and Defendants cancelled the repayment plan as a result. (*Id.* at ¶ 15; Compl. ¶ 12.) On April 10, 2014, Plaintiffs were notified that the repayment plan was cancelled. (*Id.* ¶ 16.) By letter dated April 29, 2014, Defendants notified Plaintiffs that they were in default on their Mortgage in the amount of $6,561.30 and warned that failure to pay that amount would "result in acceleration of your loan and the foreclosure of the property." (Ex. I, 4/29/14 Letter.) Plaintiffs did not cure the default. (Ison Aff. at ¶ 18.)

Plaintiffs allege in their complaint that in June 2014 they attempted to obtain another loan modification and that Defendants' representative wrongfully advised them that a new repayment agreement was their only option. (Compl. ¶ 13.) Plaintiffs further allege that in June 2014 they "requested an evaluation of their request for mortgage assistance per HAMP guidelines" but Defendants pursued foreclosure proceedings instead. (*Id.* ¶ 14.)

On July 24, 2014, Plaintiffs were advised by letter that their Mortgage had been accelerated and that they had thirty days from the date of the notice to dispute the debt. (Ex. J, 7/24/14 Letter.) The foreclosure publication ran from August 7, 2014 through August 28, 2014. (Ex. K, Sheriff's Deed.) A Sheriff's sale was held on September 10, 2014 and Defendant Fifth Third Mortgage Company bought the Property for $60,000. (*Id.*) Plaintiffs filed the present action on February 25, 2015. The redemption period expired on March 10, 2015. (*Id.*)

## II. STANDARD OF REVIEW

Defendants have moved for summary judgment under Rule 56(a) of the Federal Rules of

4

Civil Procedure. This rule provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of genuine issue of material fact." *Id.* at 323; *see also Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting BLACK'S LAW DICTIONARY 881 (6th ed. 1979)) (citations omitted). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. FED. R. CIV. P. 56(e). The rule requires that non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment).

### III. ANALYSIS

The Court notes that during oral argument Plaintiffs' attorney indicated that he would be conceding claims. Nevertheless, the Court will address each of Plaintiffs' claims.

A.   Count I, Bad Faith

Plaintiffs claim that Defendants "acted in bad faith by neither approving nor denying Plaintiffs a loan modification or any workout other than a repayment plan as required by the Making Home Affordable Guidelines, Verison 4.4" and by "not properly evaluating Plaintiffs for all their home retention options." (Compl. ¶ 18.)

This Court finds that Plaintiffs' claim of "bad faith" fails as a matter of law because Michigan does not recognize "bad faith" as an independent cause of action. *See Houle v. Green Tree Servicing, LLC*, No. 14-CV-14654, 2015 WL 1867526, * 2 (E.D. Mich. Apr. 23, 2015) (finding that "Michigan law does not recognize an independent cause of action for bad faith" and

6

relying upon *Fodale v. Waste Mgmt. of Mich., Inc.*, 271 Mich. App. 11, 3, 718 N.W.2d 827 (2006), wherein the Michigan Court of Appeals held there is no independent cause of action in Michigan law for a breach of implied covenant of good faith and fair dealing.); *Goss v. ABN AMRO Mortg. Grp., LLC*, No. 12-cv-11158, 2012 WL 5986783, *9 (E.D. Mich. Nov. 29, 2012) (finding same); *see also Hart v. Countrywide Home Loans, Inc.*, 735 F. Supp. 2d 741, 749 (E.D. Mich. 2010) (rejecting the plaintiff's claim of "bad faith" in connection with the servicing of his loan because under Michigan law where the plaintiff had "pleaded no more than defendant's bad-faith failure to pay its contractual obligations, the pleading is insufficient to establish an independent tort action." (internal quotation marks, alterations, and citation omitted). Therefore, where the plaintiff only alleged bad faith in connection with the contractual obligations of the mortgage, the claim of "bad faith" failed.).

Further, Defendants have presented evidence that clearly rebuts Plaintiffs' allegation that Defendants acted "in bad faith by neither approving nor denying Plaintiffs a loan modification or any workout other than a repayment plan." (Compl. ¶ 18.) Indeed, it is clear from the unrebutted evidence that Defendants denied Plaintiffs' loan modification application in January 2014. (Ex. G, 1/30/14 Letter; Ison Aff., at ¶ 11.)

Finally, the Court notes that Federal Rule of Civil Procedure 56 clearly demands that a party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including deposition, documents... or other materials." FED. R. CIV. P. 56(c)(1). Moreover, the Sixth Circuit has held that once a moving party has identified an absence of a genuine dispute over material facts, "the party opposing the motion then may not 'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but

must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (citation omitted). In the instant case, Plaintiffs failed to identify any case law, cite any facts, or make a particularized argument in support of their "bad faith" claim. *See also Brown v. VHS of Mich., Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) (holding that "[t]his Court's jurisprudence on abandonment of claims is clear: a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment." (collecting cases)).

For all these reasons, the Court finds summary judgment is appropriate on this claim.

B.   Count II, Violations of RESPA

Plaintiffs allege in their complaint that Defendants violated 12 C.F.R. § 1024.41, a Consumer Financial Protection Bureau ("CFPB") regulation promulgated pursuant to section 1022(b) of the Dodd-Frank Act, 12 U.S.C. § 5512(b), and RESPA. Plaintiffs claim that Defendants violated § 1024.41(c) by failing to evaluate Plaintiffs' request within 30 days for all loss mitigation options and did not notify Plaintiffs in writing within 30 days of what options they would offer, and rather than considering Plaintiffs for a loan modification, Defendants proceeded to "post notice of a Sheriff's sale." (Compl. ¶ 27.) Plaintiffs further allege that Defendants violated §1024.41(d) by "implicitly denying Plaintiffs a loan modification without providing in writing the specific reasons for denial." (*Id.* at ¶ 28.) Plaintiffs also allege that Defendants violated § 1024.41(d) by proceeding with a foreclosure sale despite Plaintiffs' requested loan modification, and failing to send Plaintiffs proper written notice in response to their modification requests. (*Id.* at ¶ 29.) Additionally, Plaintiffs allege that Defendants violated 12 C.F.R. § 1024.38(b)(2), because Defendants failed to follow the HAMP guidelines such that

8

Defendants were required to suspend the Sheriff's sale if Plaintiffs submitted loan modification documents 7 days prior to the sale. (*Id.* at ¶¶ 30-31.)

As an initial matter, the Court finds that Plaintiffs' allegations based on Defendants compliance with the HAMP guidelines fail as a matter of law because Defendants did not participate in the HAMP program and therefore the HAMP guidelines are not applicable or relevant to Defendants' servicing of Plaintiffs' Mortgage.[3] (Ison Aff. ¶ 6.) The HAMP program is a voluntary program for servicers of mortgages that are not owned or insured by government sponsored entities (referred to as "Non-GSE Mortgages"). Accordingly, Non-GSE Mortgage servicers are only subject to HAMP's guidelines if they choose to become a "servicer participant" and sign an agreement. *See* U.S. DEPARTMENT OF THE TREASURY: MAKING HOME AFFORDABLE; HOME AFFORDABLE MODIFICATION PROGRAM (HAMP), https://www.treasury.gov/initiatives/financial-stability/TARP-Programs/housing/mha/Pages/hamp.aspx (last visited January 6, 2016); *see also* MAKING HOME AFFORDABLE: MAKING HOME AFFORDABLE PROGRAM HANDBOOK FOR SERVICERS OF NON-GSE MORTGAGES, VERSION 4.4 https://www.hmpadmin.com/portal/programs/docs/hamp_servicer/mhahandbook_44.pdf (last visited January 6, 2016).[4] Plaintiffs failed to rebut the fact that Defendants were not participants in this program. Plaintiffs also offer no argument or reason as to why Defendants are required to

---

[3] A list of servicer participants is available at the U.S. DEP'T OF TREASURY & U.S. DEP'T OF HOUSING AND URBAN DEVELOPMENT, MAKING HOME AFFORDABLE, CONTACT MY MORTGAGE COMPANY, https://www.makinghomeaffordable.gov/get-answers/Pages/get-answers-how-contact-mortgage-company.aspx (last visited January 6, 2016). This list *does not include* Defendants.

[4] The Court notes that there is a more recent version of the HAMP handbook available, Version 4.5; however, Plaintiffs cite and rely upon the earlier version in their complaint. (*See* Compl. ¶ 15).

9

follow HAMP guidelines in the absence of an agreement to participate in the voluntary program. According, summary judgment is appropriate as to Plaintiffs' claim based on a violation of 12 U.S.C. § 1024.38.

Further, Plaintiffs' claims regarding violations of 12 U.S.C. § 1041 have all been rebutted by Defendants' evidence that Plaintiffs were: (1) evaluated for loss mitigation in December 2013, and (2) Plaintiffs were promptly notified of the denial of loss mitigation in January 2014 by letter that advised them of the reason (insufficient income). (Ex. G, 1/30/14 Letter; Ison Aff. ¶¶ 9-11.) Plaintiffs have not offered any evidence upon which this Court can rely that contradicts these facts. Indeed, Plaintiffs have failed to address or put forth *any* pertinent evidence and instead erroneously treat this motion as one seeking dismissal pursuant to Rule 12(b)(6).

The Court notes that during oral argument Plaintiffs' attorney asserted for the first time that Plaintiffs did not receive the January 30, 2014 Notice that their loan modification was denied. However, Plaintiffs have failed to set forth any affidavit or "evidence of an evidentiary quality" to support this claim. *Bailey*, 106 F.3d at 145; *see also* FED. R. CIV. P. 56(e) (requiring that the non-moving party produce facts supported by affidavits or other evidence to demonstrate a genuine issue of material fact for trial.). As set forth *supra*, once a moving party has identified an absence of a genuine dispute over material facts, "the party opposing the motion then may not 'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558 (citation omitted). Here, Defendants' evidence that they sent the Notice to Plaintiffs' address as required by statute remains unrebutted, and therefore, Plaintiffs have not created a genuine issue of fact. Accordingly, the Court grants summary judgment on

10

this claim.

C. Count III, Negligence

Plaintiffs next allege that Defendants were negligent in evaluating Plaintiffs for a loan modification as required by the CFPB regulation, 12 U.S.C. § 1024.41. Specifically, Plaintiffs allege that "Defendants breached its duty of care by never reviewing or properly responding to Plaintiffs' loan modification request, but continued giving Plaintiffs the mortgage runaround. Unfortunately, no rejection or presentation of options has ever been forthcoming even up to the date of this complaint." (Compl. ¶ 37).

To establish a *prima facie* case of negligence under Michigan law, a plaintiff must set forth four elements: "(1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) the plaintiff suffered damages, and (4) the breach of duty caused the damages." *Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 298 (6th Cir. 2015) (citing *Haliw v. Sterling Heights*, 464 Mich. 297, 309 (2001)). "The threshold question in a negligence action is whether the defendant owed a duty the plaintiff." *Fultz v. Union-Commerce Associates*, 470 Mich. 460, 464 (2004). Whether a duty exists is a question of law. *Id.* at 463.

In Michigan, a negligence claim based on contract arises only where the plaintiff alleges a duty that is "separate and distinct" from a contractual duty. *See Fultz*, 470 Mich. at 467; *see also Loweke v. Ann Arbor Ceiling & Partition, Co., LLC*, 489 Mich. 157 (2011) (clarifying *Fultz* standard and recognizing that the "separate and distinct" mode of analysis does not "extinguish or limit separately existing common-law or statutory tort duties owed to noncontracting third parties in the performance of the contract."). "The failure to perform a contractual duty cannot give rise to a tort action unless the plaintiff alleges a violation of a duty 'separate and distinct'

11

from the underlying contractual obligation." *Kisiel v. Holz*, 272 Mich. App. 168, 172 (Mich. Ct. App. 2006).

In the present case Plaintiffs' claim for negligence fails for multiple reasons. First, as examined *supra,* the facts in evidence rebut Plaintiffs' claim that there was a RESPA violation: Plaintiffs were informed on January 30, 2014 that their loss mitigation application was denied. This alone is dispositive. Additionally, the regulation itself "specifically disclaims any duty for a loan servicer to provide a loan modification." *Szczodrowski v. Specialized Loan Servicing, LLC*, Slip Copy, No. 15-10668, 2015 WL 1966887, at *6 (E.D. Mich. May 1, 2015) (Edmunds, J.) (citing 12 U.S.C. § 1024.41(e) which provides "[n]othing in § 1024.41 imposes a duty on a servicer to provide ay borrower with[] any specific loss mitigation option" and rejecting the argument that RESPA provided that a loan servicer had an independent duty of care to evaluate the plaintiff's eligibility for a loan modification).

Finally, Plaintiffs rely upon *Mik v. Fed. Home Loan Mortg. Corp.*, 743 F.3d 149, 166-67 (6th Cir. 2014), and argue that a violation of RESPA can evidence or support its common law negligence claim. However, the Court finds Plaintiffs' argument unpersuasive because the Sixth Circuit recently rejected an analogous argument based on an alleged violation of the HAMP guidelines. In *Ray v. U.S. Bank Nat. Ass'n*, --- F. App'x ---, 2015 WL 5670841, *4-5 (6th Cir. 2015), the Sixth Circuit rejected the plaintiffs attempt to use a violation of the HAMP guidelines "offensively" to establish a common law negligence claim under Michigan law because the plaintiffs had still failed to evidence a separate and distinct duty owed to them by the defendants outside the mortgage. The Sixth Circuit explained that:

> Michigan courts have not recognized that servicers owe a duty to borrowers based on the HAMP regulations because under Michigan law "the duties established by

12

the mortgage contract govern the relationship between the parties" and because a Michigan homeowner "who has defaulted may not simply waive the contract and sue in negligence."

*Ray*, --- F. App'x ---, 2015 WL 5670841, *5 (6th Cir. 2015) (quoting *Rush v. Mac*, 792 F.3d 600, 605 (6th Cir. 2015)); *see also Campbell*, 611 F. App'x at 299 (holding that the plaintiff must show that "HAMP regulations impose on servicers a duty of care owed to borrowers" and noting that Michigan courts have not recognized such a duty and such a result is in accord with "the decisions of Michigan federal district courts that have declined to find a duty exists under Michigan law" and collecting authority).

Here, Plaintiffs' negligence claim based upon a RESPA violation fails for the same reasons the Sixth Circuit found a violation of the HAMP regulations could not support a negligence claim – Michigan courts have not recognized the regulations impose a separate duty and Plaintiffs have not cited any case law to the contrary. *See Szczodrowski*, Slip Copy, No. 15-10668, 2015 WL 1966887, at *6 (finding the same). Accordingly, the Court grants summary judgment on Plaintiffs' negligence claim.

D. Count IV, Breach of Contract

In their last and final claim, Plaintiffs allege a breach of contract based on Defendants breach of "the implied covenant of good faith and fair dealings in the contract with Plaintiffs." (Compl. ¶¶ 43-45.) However, as Defendants accurately point out in their briefing, Michigan does not recognize a claim for breach of an implied covenant of good faith and fair dealing. *Fodale v. Waste Mgmt. of Mich., Inc.*, 271 Mich. App. 11, 35, 718 N.W.2d 827, 841 (2006) (citing *Isle Grill Corp. v. City of Detroit*, 256 Mich. App. 463, 476, 666 N.W.2d 271, 279-80 (2003)).

Plaintiffs rely upon *Stephenson v. Allstate Ins. Co.*, 328 F.3d 822, 826 (6th Cir. 2003) for

13

the proposition that an implied covenant of good faith and fair dealing is recognized under Michigan law "only where one party to the contract makes its performance a matter of its own discretion. Discretion arises when the parties have agreed to defer decisions on a particular term of the contract." *Id.* (internal citations omitted). However, "this circuit has declined to ascribe a covenant of good faith and fair dealing in the interpretation of a contract 'to override express contracts terms.'" *Id.* at 827 (citation omitted). Moreover, courts in this district have consistently found that loan modifications do not fall within this exception and Plaintiffs offer no case law to the contrary. *See Deming-Anderson v. PNC Mortg.*, No. 15-11688, --- F. Supp. 3d ----, 2015 WL 4724805, at * 6 (E.D. Mich. Aug. 10, 2015); *Talton v. BAC Home Loans Servicing LP*, 839 F. Supp. 2d 896, 911 (E.D. Mich. 2012); *see also Clark v. Ocwen Loan Servicing, LLC*, No. 1:15-cv-659, 2015 WL 6159447, *3 (W.D. Mich. 2015) (finding same, Plaintiff in that action was represented by the same counsel, Blake Lipman).

For all these reasons, the Court grants summary judgment on Plaintiffs' breach of contract claim.

E. Sanctions

In their Reply brief, Defendants request sanctions against Plaintiffs' attorney pursuant to 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. The purpose of § 1927 "is to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *Red Carpet Studios Div. of Source*

14

*Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (citation omitted). In evaluating whether sanctions are appropriate under § 1927, a court should consider, under an "objective standard," whether "an attorney knows or reasonably should know that a claim pursued is frivolous[.]" *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 396 (6th Cir. 2009) (citation omitted). The Sixth Circuit explained that while a finding of "bad faith" is not required, "§ 1927 sanctions require a showing of something less than subjective bad faith, but something more than negligence or incompetence." *Id.* (citation omitted).

In the present action, the Court finds that Plaintiffs' attorney's actions do not rise above "negligence or incompetence" and will therefore deny Defendants' request for sanctions.

### IV. CONCLUSION

For all these reasons, the Court GRANTS the Defendants' Motion for Summary Judgment (ECF No. 16) and DISMISSES Plaintiffs' action WITH PREJUDICE.

IT IS SO ORDERED.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: JAN 2 9 2016