UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW D. CLARK, ET AL.,

    Plaintiffs,

v.

FIFTH THIRD MORTGAGE
COMPANY, ET AL.,

    Defendants.

_____/

Case No. 15-11169

Paul D. Borman
United States District Court

## OPINION AND ORDER
## DENYING PLAINTIFF'S RULE 60(b) MOTION (ECF NO. 22)

On January 29, 2016 this Court issued an Opinion and Order granting Defendants Fifth Third Bank and Fifth Third Mortgage Company's Motion for Summary Judgment and a Judgment that dismissed the case with prejudice. (ECF Nos. 20, 21.) Now before the Court is Plaintiffs Matthew D. Clark and Rebecca R. Clark's Motion for Partial Relief from that Judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) or (6). (ECF No. 22.) Pursuant to this Court's order, Defendants filed a response to Plaintiffs' motion for partial relief. (ECF No. 24.)

In relevant part, this Court held in its Opinion and Order that Defendants had demonstrated compliance with the Real Estate Settlement Procedures Act ("RESPA") and 12 C.F.R. § 1024.41 by evidencing that Plaintiffs were evaluated for loss mitigation in December 2013 and that Defendants sent Plaintiffs a notice of denial on January 30, 2014. (*See* ECF No.

20, at 9-10, citing ECF No. 16, Exs. C & G.) This Court also recognized that while Plaintiffs' counsel argued at the hearing that Plaintiffs did not receive Defendants' January 30, 2014 letter, Plaintiffs did not support that allegation with any evidence. (*Id.* at 10.)

In Plaintiffs' present motion for partial relief, Plaintiffs contend that "Plaintiffs' counsel did not attach an affidavit to Plaintiffs' Response to the Summary Judgment motion refuting Defendant's position that a letter was sent to Plaintiffs on January 30, 2014." (ECF No. 22, at PGID 313.) Plaintiffs further state that this failure was due to "oversight by Plaintiffs' counsel." (*Id.*) In his affidavit attached to present motion, Plaintiff Matthew Clark states that he "never received the letter dated January 30, 2014 that the Defendant purports was delivered to me." (ECF No. 22, Ex. C, Clark Aff., at ¶ 2.) Based upon this tardy affidavit, Plaintiffs now argue that a genuine issue of material fact exists regarding Defendants' compliance with 12 C.F.R. § 1024.41 and thus, because the affidavit was not attached in error, the Court should relieve Plaintiffs from the portion of judgment that dismissed Plaintiffs' Real Estate Settlement Procedures Act ("RESPA") claim for damages. (ECF No. 22, at PG ID 313.)

The Court notes that while Plaintiffs describe the failure to attach the affidavit as an "oversight," Plaintiff Matthew Clark's affidavit was notarized on February 22, 2016, the day before the instant motion for relief was filed with this Court and approximately four months after Plaintiffs filed their response to the motion for summary judgment, and more than a month after the hearing on that motion. (*See* Clark Aff.) Thus, there was no affidavit to attach to the response to the motion for summary judgment at the time it was filed. Indeed, Plaintiffs did not address Defendants' evidence that Plaintiffs were mailed a notification letter on January 30, 2014 in their response to the motion for summary judgment. Plaintiffs asserted this argument for the

2

first time at the hearing in January 2016. Given these facts, the Court finds it is disingenuous for Plaintiffs to contend that the affidavit was not attached due to an attorney's "oversight."

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party or its legal representative from a final judgment for the following reasons, among others: "(1) mistake, inadvertence, surprise, or excusable neglect ... or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b)(1), (6). "Under Rule 60(b), a party seeking relief from judgment must show the applicability of the rule." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) (citation omitted).

Plaintiffs first contend that the failure to attach an affidavit to Plaintiffs' response to the motion to dismiss was "an excusable litigation mistake" under Rule 60(b)(1). A request for relief from judgment based upon this subsection is

> intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.

*Cacevic v. City of Hazel Park*, 226 F.3d 483, 489 (6th Cir. 2000) (quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999)). "In determining whether relief is appropriate under Rule 60(b)(1), courts consider three factors: (1) culpability – that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense. A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors." *Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012) (citation omitted). Further, clients are held "accountable for their attorneys' acts and omissions." *Id.* (citation omitted).

In the present case, Plaintiffs' counsel did not attach an affidavit to the response to summary judgment through an apparent "oversight." Plaintiffs do not contend, however, that the affidavit was created in November 2015 and merely not attached to the brief by simple clerical error. Indeed, as noted above, the affidavit was created the day before the present motion for relief was filed – approximately four months *after* Plaintiffs' filed their response to the motion for summary judgment. Moreover, Plaintiffs' response to the motion for summary judgment misstated the relevant legal standard and otherwise appeared to be a response to a motion to dismiss rather than a motion for summary judgment. (*See* ECF No. 17.) Plaintiffs did not address any of Defendants' evidence, did not attach any substantive evidence to their response, and merely argued that they had adequately pled their claims. (*Id.*) Despite clearly addressing the wrong legal standard, Plaintiffs also never attempted to correct or amend their brief in the intervening two months prior to the hearing, despite Defendants' reply brief which noted this issue.

Plaintiffs did not seek to submit Plaintiff Matthew Clark's affidavit prior to the hearing, during the hearing, or after the hearing prior to the Court issuing its Opinion and Judgment. Significantly, the Court notes that the evidence Plaintiffs failed to attach to their response brief was Plaintiff's *own* affidavit, which merely reaffirms that the ability to collect this evidence was clearly within the control of Plaintiffs' counsel at all times both before and after the response was filed. Plaintiffs do not set forth any reason or hardship that would or could have prevented Plaintiffs' counsel from obtaining and filing his own client's affidavit with his response or prior to the hearing. *See Nansamba v. North Shore Med. Ctr.*, 727 F.3d 33, 39 (1st Cir. 2013) (affirming the district court's denial of a motion for relief under Rule 60(b)(1) where the plaintiff

4

failed to "offer a convincing explanation of the patent lack of diligence" regarding their counsel's failure open an email attachment containing plaintiff's medical records or attach those files to the opposition to the motion for summary judgment.).

The Sixth Circuit has held that "gross carelessness or inadvertent conduct that results in judgment will not give rise to a successful claim of excusable neglect if the facts demonstrate a lack of diligence." *Yeschick.*, 675 F.3d at 631 (citation omitted). Here, the Court finds that the facts recited above demonstrate a lack of diligence. Thus, the Court finds Plaintiffs' counsel's culpability and lack of diligence weighs against finding the neglect excusable.

The Court also finds that the prejudice Defendants would suffer weighs against allowing relief under Rule 60(b)(1). The Sixth Circuit has explained that "[p]rejudice suffered by the party opposing the motion for relief from judgment due to expenditure of resources on discovery and filing a motion for summary judgment, which has been decided on the merits, weighs in favor of finding that attorney oversight constituted inexcusable neglect, even when good faith is found." *Id.* Here, similar to *Yeshick*, the Court has decided Defendants' motion for summary judgment on its merits after a period of discovery. Defendants have obviously expended resources on this action, including discovery, drafting a motion for summary judgment, a reply and now a response to the present motion. This prejudice counsels against granting Plaintiffs relief from the judgment pursuant to Rule 60(b)(1).

Further, the Court also finds that Plaintiffs have not demonstrated a meritorious defense based upon Plaintiff Matthew Clark's affidavit. Pursuant to 12 C.F.R. § 1024.41(c)(1), Defendants were required to provide written notice to Plaintiffs within "30 days of receiving their loss mitigation application." Defendants submitted evidence of their compliance, evidencing

5

through an affidavit and a copy of the notice that Plaintiffs' application for a modification was evaluated and Plaintiffs were sent a denial letter within 30 days. (ECF No. 16, Exs. C & G.) Plaintiff Matthew Clark's affidavit provides that he did not receive the denial letter, but it does not challenge whether Defendants evaluated the application or sent the letter as required under the regulations. Indeed, there is nothing in the record to indicate that Plaintiff Matthew Clark would be privy to that information. Thus, Defendants' evidence that they sent the required notice to Plaintiffs' address remains unrebutted, even when considered with Plaintiff Matthew Clark's tardy affidavit.

In summary, Plaintiffs failed to give any explanation for the failure to draft and attach an affidavit to the response to the motion for summary judgment, other than stating it was an "oversight." Rather, Plaintiffs appear to be merely be requesting the Court to belatedly consider an argument and evidence they failed to raise in their response to the summary judgment motion. *Jinks v. AlliedSignal*, 250 F.3d 381 (6th Cir. 2001) (where plaintiffs failed to attach an affidavit to their summary judgment motion due to the illness of the affiant, the Court rejected the argument that the plaintiffs' neglect was excusable finding that plaintiffs merely "failed to raise issues in their response to [defendant's] summary-judgment motion that they now wish the court to consider after-the-fact."). Further, Plaintiffs' request for relief is also devoid of any citations to analogous case law from this Circuit. The Sixth Circuit, however, has recognized that "the case law consistently teaches that out-and-out lawyer blunders – the type of action or inaction that leads to successful malpractice suits by the injured client – do not qualify as 'mistake' or 'excusable neglect' within the meaning of [Rule 60(b)(1)]." *McCurry ex rel. v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002) (citation omitted). Accordingly, for all

6

these reasons, the Court finds that Plaintiffs' attorney's "oversight" does not fall within the ambit of excusable neglect or mistake within the meaning of Rule 60(b)(1).

Plaintiffs also claim, in the alternative, that this Court's summary judgment ruling as to their RESPA claim should be set aside under Rule 60(b)(6). Pursuant to Rule 60(b)(6), a court may relieve a party from a judgment for "any other reason that justifies relief." This subsection applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Blue Diamond Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Thus, "courts must apply Rule 60(b)(6) relief only in 'unusual and extreme situations where principles of equity *mandate* relief.'" *Id.* (citation omitted, emphasis in original).

Plaintiffs appears make a similar argument that the oversight in failing to attach the affidavit to their response to the motion to dismiss merits relief from the judgment under Rule 60(b)(6). Yet, as noted above, subsection (b)(6) applies "only" in circumstances that are not addressed by the first five numbered clauses of Rule 60(b). *See Blue Diamond*, 249 F.3d at 524. Thus, excusable neglect cannot be the basis for this relief under Rule 60(b). The Court recognizes that in certain circumstances an attorney's "gross negligence" may provide a basis for relief under Rule 60(b)(6). *See e.g. Fuller v. Quire*, 916 F.2d 358, 361 (6th Cir. 1990) (finding gross negligence of an attorney justified relief under Rule 60(b)(6) when the attorney told his client that a settlement was pending and then ceased contact with him, then failed to appear before the court, and the action was dismissed for lack of prosecution). Yet, Plaintiffs have failed to provide any reasoning, support, or analysis regarding why the present "oversight"

constitutes "gross negligence." The Court notes that "[a] claim of simple legal error unaccompanied by extraordinary or exceptional circumstances is not cognizable under (b)(6)." *United States v. Real Property Known and Numbered as 429 South Main Street, New Lexington, Ohio*, 906 F. Supp. 1155, 1160 (S.D. Ohio, 1995) *(citing Pierce v. UMW Welfare & Retirement Fund*, 770 F.2d 449, 451 (6th Cir. 1985)).

Further, the sole case that Plaintiffs rely upon, *Lester v. Empire Falls & Marine Insurance Co.*, 87 F.R.D. 466 (E.D. Mo. 1980), is both distinguishable and irrelevant. (ECF No. 22, at PGID 313.) In *Lester*, a memorandum decision from a Federal District Court in Missouri, the plaintiffs moved to set aside a judgment because an expert witness lied regarding his qualifications during his testimony. *Id.* at 466. The court in *Lester* determined that the request for relief was untimely under Rule 60(b)(6). *Id.* at 467. The instant case, however, does not does not implicate a third-party's perjured testimony. Thus, *Lester* is unavailing, and Plaintiffs have failed to articulate any "exceptional circumstance" that would warrant relief in this instance. Accordingly, the Court finds that relief from the judgment is not warranted under Rule 60(b)(6).

The Court notes that Defendants requested sanctions against Plaintiffs' attorney pursuant to 28 U.S.C. § 1927 in their response to Plaintiffs' Motion for Partial Relief from Judgment. (ECF No. 24.) Defendants previously sought sanctions in relation to the motion for summary judgment. (ECF No. 19.) The Court concludes again, however, that Plaintiffs' attorney's actions do not rise above "negligence or incompetence" and will therefore deny Defendants' request for sanctions. *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 396 (6th Cir. 2009) (citation omitted).

8

For all these reasons, the Court DENIES Plaintiffs' Motion for Partial Relief From Judgment Pursuant to Federal Rule of Procedure 60(b) (ECF No. 22).

IT IS SO ORDERED.

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: SEP 28 2016